I. M. RAYMOND ET AL., APPELLEES, V. W. H. LEINBERGER & COMPANY, APPELLEE, AND WILLIAM GLOVER, APPELLANT.

FILED MARCH 3, 1897.    No. 7100.

Fraudulent Conveyances: RESALE: RIGHTS OF CREDITORS.  One who has taken the title of an insolvent partnership firm to real property for the purpose of disposing of such real property and paying to a creditor of said insolvent firm a part of the proceeds of the

sale and to the firm itself the balance of such proceeds, may properly be held, in an equitable proceeding instituted against said firm and said trustee by one of its creditors, bound to pay such balance to such creditor.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J. *Affirmed.*

*Hainer & Smith,* for appellant.

*G. M. Lambertson, H. J. Whitmore,* and *Darnall & Kirkpatrick, contra.*

RYAN, C.

This is an appeal of William Glover from a judgment in favor of I. M. Raymond and others, rendered against him by the district court of Lancaster county. Originally, W. H. Leinberger & Co. became indebted to the partnership firm of Raymond Bros. & Co., for merchandise purchased, in the sum of $731.90, and for this amount a judgment was rendered, on which an execution was returned *nulla bona.* This judgment formed the basis of this action against William Glover, who, it was charged in the petition in this case, with full knowledge of the insolvency of the firm of W. H. Leinberger & Co. and with the intention of defrauding the creditors of W. H. Leinberger & Co., had received a fraudulent transfer of all the real and personal property of said last named firm. The district court specially found that as to the personal property the transfer was made and received in good faith, and, as there is no appeal with respect to this finding, it must stand unquestioned. The real estate transfer was a few days subsequent to that of the personal property. With respect to this transaction the finding of the district court was as follows: "The court further finds that the said W. H. Leinberger and E. Erb [who composed the firm of W. H. Leinberger & Co.] sold their interest in a certain contract for the purchase of real estate, a house and lot in the town of Bromfield, to the defendant William Glover, and

that as the consideration therefor he agreed to pay the claim of Mrs. Garrett against the firm of W. H. Leinberger & Co., amounting to the sum of $735, and when he [Glover] sold said real estate he was to pay an excess over and above the said claim of $735 of Mrs. Garrett to said firm of W. H. Leinberger & Co.  The court finds that the defendant [Glover] has paid the claim of Mrs. Garrett amounting to $735; that he has sold real estate for the agreed price of $1,500; that for the excess of $765 over and above the claim of Mrs. Garrett, the defendant is liable for and that he has not paid or accounted for the same." The judgment was for the sum last named as hereinbefore described.  It is urged that there should have been no judgment for the reason that a garnishment proceeding was adequate to reach this money, hence that a resort to equitable proceedings should not have been tolerated.  It is a sufficient answer to this to say that neither in the pleading nor throughout the entire trial in the district court was this question raised.  It is too late to raise it now.  (*Sherwin v. Gaghagen*, 39 Neb., 238.)

It is further urged in argument that the firm of W. H. Leinberger & Co. had transferred its right to the payment of this fund to W. V. Morse & Co., and that, therefore, the appellant Glover may be compelled to pay it twice, once under this assignment and once under the judgment in this case.  As the firm of W. V. Morse & Co. is not a party to this action, and as this transfer was not pleaded in bar of plaintiffs' right of action, we cannot consider this question upon the issues joined.

It is furthermore urged that the judgment is not responsive to the prayer of the petition.  In this we think counsel are mistaken, for the petition was framed upon the theory that Glover in his own wrong had obtained title to certain property, which properly should have been subject to the debts owing by W. H. Leinberger & Co., and there was a prayer that the defendant Glover accordingly should be held liable to plaintiff as creditors of W. H. Leinberger & Co.  The finding of the district court upon

sufficient evidence was that Glover had sold the property for $1,500. As he was required to pay only the difference between that amount and the claim of Mrs. Garrett, he certainly had no cause to complain of the amount of the recovery. As he has disposed of the property so that it cannot be used for the payment of the debt due from W. H. Leinberger & Co. to plaintiffs, he cannot be heard to assert that thereby plaintiffs have been deprived of every remedy. Since Glover, as a mere trustee, has thus disposed of this property, he should be held accountable as such trustee. The finding of the district court was sustained by sufficient evidence, and, as the judgment was justified by the pleadings, it is

AFFIRMED.